UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMANUEL WILLIAMS, #152456**                                             **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:14-cv-100-CWR-FKB**

**WARDEN J. BUSCHER and SIMONE JONES**                        **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Williams, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The named Defendants are Warden J. Buscher and Officer Simone Jones. Upon liberal review of the Complaint and Response, the Court has reached the following conclusions.

**I.**      **Background**

In December of 2013, Plaintiff was found guilty of a prison rule violation report (RVR). Plaintiff states that punishment for this disciplinary conviction was "recommended reclassification to long-term lockdown." Resp. [9] at 2. Plaintiff states that his appeal of the RVR and resulting punishment was denied by Warden Buscher.

Plaintiff asserts various complaints regarding the RVR and disciplinary process which he claims violates MDOC policy and his constitutional rights. Specifically, Plaintiff argues that he was not given a copy of the RVR within 24 hours and that his witnesses were not interviewed or called to testify at his disciplinary hearing. Plaintiff complains that despite these errors, Warden Buscher failed to overturn the guilty finding when he denied Plaintiff's appeal of the disciplinary action via the prison administrative remedy program. As relief, Plaintiff is requesting expungement of the

disciplinary proceedings from his prison record, court costs and "whatever damages the court decides for emotional stress." Compl. [1] at 4.

**II.     Analysis**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Williams to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

Initially, the Court notes that and inmate does not have a constitutionally protected interest in his custodial classification. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999). Therefore, Plaintiff does not have a constitutional right to be placed in general population as opposed to "lockdown" or segregation. *See McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(finding classification of prisoners is well within the broad discretion of prison officials and should be "free from judicial intervention"). Nor is an inmate entitled to constitutional protections when his prison privileges are restricted as punishment for a disciplinary violation. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997)(finding restriction on prison privileges is merely a change in the conditions of an inmate's confinement). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available. *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002)(finding restrictions on commissary, telephone, recreation, and library privileges as well as

attendance at religious services, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)(holding inmate has no constitutional right to visitation privileges). In sum, Plaintiff does not have a constitutionally protected right to a particular classification level or any privileges associated with a particular custody level while in prison. Therefore, Plaintiff's possible placement in "lockdown" or segregation as opposed to general population or some other type of custody classification level does not entitle Plaintiff to relief under § 1983.

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007)(holding inmate does not have protected liberty interest in filing grievances). As such, Plaintiff's claims related to how his grievance was handled by Defendant Buscher are frivolous. *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

As a final point, the Court finds that to the extent Plaintiff is claiming that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process, he is not entitled to relief under § 1983. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

**III. Conclusion**

As explained above, a possible change in Plaintiff's custody level and the possible restriction of his prison privileges does not amount to a constitutional deprivation. Nor does an unfavorable response to a prison grievance or a failure to follow prison policy amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), with prejudice. *See Berry,* 192 F.3d at 508 (finding inmate's § 1983 claim based on denial of visitation privileges properly dismissed as both frivolous and for failure to state a claim); *Morris v. Cross*, 476 F. App'x at 785 (finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous).

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[1] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 29th day of May, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."